## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**RUSSELL TODD BLACKSTONE,**

      **Plaintiff,**

                                    **Civil Action 2:16-cv-164**
    **v.**                                **Judge Gregory L. Frost**
                                      **Magistrate Judge Elizabeth P. Deavers**

**UNITED STATES AIR FORCE,** *et al.*,

      **Defendants.**

### ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Russell Todd Blackstone, an Ohio resident who is proceeding without the assistance of counsel, brings this action seeking monetary damages for injustices he alleges he suffered arising from the circumstances surrounding his divorce.  Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.  (ECF No. 1.)  All judicial officers who render services in this action shall do so as if the costs had been prepaid.  28 U.S.C. § 1915(a).  This matter before the United States Magistrate Judge for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons that follow, it is

**RECOMMENDED** that the Court **DISMISS** this action for failure to state a plausible claim for relief over which this Court has jurisdiction.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>               *       *       *
>
>     (B) the action or appeal--
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1]Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank, F.S.B*., 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In addition, when the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28

3

U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3).  *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.

According to the Complaint, Plaintiff suffered mental distress, including becoming suicidal, as a result of events leading up to and following his divorce.  He names his ex-wife; the United States Air Force, which employs his ex-wife; and his ex-wife's supervisor as defendants (collectively "Defendants").  Plaintiff alleges that his ex-wife engaged in behavior that led to their divorce and caused him mental distress.  He also alleges that his ex-wife and her supervisor "were conspiring to get a divorce."  (Compl. 3, ECF No. 1-2.)  He further alleges that his ex-wife kept their three dogs; took money from their joint account, leaving him only $1,300; and misled him into believing that he would be able to talk to her after a thirty-day period of not speaking to her.  He states that as a result, he had insufficient funds to cover the costs of his mental health medications.  He alleges that the Air Force "did not help [him] get better."  (*Id*. at 4.)  In terms of relief, Plaintiff seeks $20.5 million in compensatory damages from Defendants.

Because this action is premised upon domestic relations issues, the Undersigned finds that dismissal is warranted for lack of jurisdiction.  On this issue, the United States Court of Appeals for the Sixth Circuit has held as follows:

> Generally, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992); *Catz v. Chalker*, 142 F.3d 279, 290 (6th Cir. 1998).  Rather, state courts have exclusive jurisdiction over these matters.  *See Ankenbrandt* at 703–04; *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995).  Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, *see Drewes v. Ilnicki*, 863 F.2d 469, 471 (6th Cir.1988), federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues.  *Id*.

4

*Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003).  Plaintiff's allegations against all Defendants, and especially those involving his ex-wife, undisputedly concern domestic relations issues.  Plaintiff must therefore seek recourse in state court.

Moreover, notwithstanding issues of sovereign immunity,[2] Plaintiff's claims against the the Air Force and Plaintiff's supervisor lack facial plausibility.  To begin, the Undersigned is unable to discern what types of claims Plaintiff is seeking to assert against the Air Force and Plaintiff's supervisor.  In addition, his allegations consist of nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]."  *Iqbal*, 129 S.Ct. at 1949.  Such allegations fail to survive the *Twombly* and *Iqbal* pleading standards.  Accordingly, for this additional reason, Plaintiff's claims against the Air Force and Plaintiff's supervisor should be dismissed pursuant to 28 U.S.C. § 1915(e).

### III.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 12(h)(3) because the Court lacks jurisdiction over the Complaint and because Plaintiff has failed to state a claim for relief on which relief can be granted.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that

---

[2]"[F]ederal Courts may exercise subject matter jurisdiction over a cause prosecuted against a federal agency only if the United States has consented to be sued by waiver sovereign immunity."  *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1325 (6th Cir. 1993); *see also Army & Air Force Exchange Serv. v. Sheehan*, 456 U.S. 728, 733–34, (1982) (holding that the Air Force is an arm of the United States entitled to sovereign immunity from suit unless Congress has consented to suit).

party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).    **IT IS SO ORDERED.**


Date: February 25, 2016                        ____/s/ *Elizabeth A. Preston Deavers*____
                                                      ELIZABETH A. PRESTON DEAVERS
                                                      UNITED STATES MAGISTRATE JUDGE